IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JACK T. ROBERSON, III<br><br>                    Plaintiff,<br><br>vs.<br><br>JASON GIST, *et al.*,<br><br>                    Defendants. | Case No. 3:22-cv-00034-JMK<br><br>**ORDER OF DISMISSAL** |

### I. Background

On February 25, 2022, Jack T. Roberson, a self-represented litigant (hereinafter "Plaintiff"), filed a "Complaint for Want of Jurisdiction, Fraud, Record Tampering, Conspiracy to Interfere with Civil Rights and Violations of Federal Article 1, [sic] 5th, 6th, and 14th Amendments, Ongoing Violations of Federal Law, and Compla[]nt for Injunctive Relief[.]"[1]

On March 23, 2022, Plaintiff filed a "Motion for Leave to Amend Under Federal Rule 15, Notice of Supplemental Order," which included a form Complaint for a Violation of Civil Rights and an additional self-drafted addition entitled "Complaint for Want of Jurisdiction, Acting Without Jurisdiction, Injunctive Relief, Direct Lawsuit for

---

[1] *See generally* Docket 1.

Fraudulent Jurisdiction, Fraud, Fraudulent Concealment, Misconduct, Record Tampering, Inpeding [sic] on Civil Rights, and Violations of Federal Article 1, 5th, 6th, and 14th Amendments, and Article VI, Clause II" (hereinafter "First Amended Complaint"). The First Amended Complaint names Alaska Child Support Services and the Superior Court of Alaska as Defendants.[2] On the form Complaint, Plaintiff alleges Defendants violated his civil rights by: "[s]ervice of process, time violated per court rule, fraud committed under [A]rticle 1, not allowing my documents to be presented and heard, record tampering, not dismissing the case when required, not following proper procedure. Subject matter is defied. No due process of law."[3] Plaintiff alleges the underlying facts to be: "[r]ights violated, record tampered, money illegally taken, especially to keep me from getting representation. All without authority and due process of law."[4] For relief, Plaintiff requests: "[c]ases dismissed in CSSED jurisdiction and the appeal. I want to be presented and heard before this court without obstruction and fraud to prove that I do not owe the debt of CSSED claims, by law. If stipulating, case sealed, and swept under the rug is [preferred] w[ith] dismissals of state actions."[5]

Additionally, Plaintiff's self-drafted Complaint broadly alleges fraud, lack of jurisdiction, and generally challenges the orders and rulings of several state court judges.[6] Plaintiff alleges that "[t]his case matches my ongoing damages for enforcing [void]

---

[2] *See* Docket 4.
[3] Docket 4-1 at 4.
[4] Docket 4-1 at 4.
[5] Docket 4-1 at 5.
[6] *See* Docket 4-2.

orders/orders without jurisdiction. My money is illegally taken by CCSED, My Appeal was interrupted, and I wasn't allowed to be presented and presented/heard fairly."[7]
Plaintiff alleges:

> The following is not an appeal and may not be distorted into such, the claims are of injuries to civil rights, and claims of crimes. My process if full of control, fraud, and my protected interests have suffered invasion. The complaint is also for want of jurisdiction, and want of merit, violating due process of law, atop of warring my rights. I have been deprived of quality of life, and liberty without due process of law under the 5th, 6th, and 14th Amendments, as shown in filings and captions of defense motions. Fraudulent excuses to keep the case going were continuous and the judgements directly attacked. My case wasn't allowed to be presented under due process concept, Article 1, and is not waivable under subject matter jurisdiction. The case is full of non-judicial acts. What the state court did isn't legal, and there is no power to declare law.[8]

Plaintiff alleges broadly that Judges Matthews, along with "the court,"[9] acted with bias, fraud, enforced unconstitutional laws, and denied him due process by either excluding or tampering with documents.[10] Plaintiff further alleges Judge Gist acted without jurisdiction and Justice Winfree "never put out an order" and "would have witnessed a tampered record."[11] These allegations appear to relate to Judge Matthews's order which denied Plaintiff's Motion to Recuse and referred the matter to Chief Justice Winfree pursuant to Alaska Statute 22.20.020(c).[12] Justice Winfree then referred the matter to Judge Gist to

---

[7] Docket 4-2 at 18.
[8] Docket 4-2 at 1–2.
[9] The Court presumes this is a reference to the Superior Court of Alaska but may include the Alaska Supreme Court as well.
[10] *See* Docket 4-2 at 3–15.
[11] *See* Docket 4-3 at 18–20.
[12] Docket 4-4 at 1–9.

review Judge Matthews's decision.[13] Further, Plaintiff expands on his requested relief: "I want the judgments to stop enforcing for money. Now."; and

> I want injunctive [relief] against Alaska Child Support Services, and Superior Court at Anchorage, to dismiss the case for not having subject matter and personal jurisdiction on the record. I want the CSSED and Superior Court cases dismissed, for want of merit, want of due [p]rocess of law, and want of jurisdiction.[14]

Plaintiff also filed a "Supplement to Complaint Per Federal Civil Rule 15" at Docket 7.[15]

On July 29, 2022, the Court issued an Order to Show Cause ("Order").[16] The Order granted Plaintiff's requested leave to file his First Amended Complaint.[17] However, upon the Court's obligation to examine its own jurisdiction, the Court instructed Plaintiff that the Court likely lacked jurisdiction to hear his claims. Based upon Plaintiff's allegations and taking judicial notice of Plaintiff's state court child custody proceedings and administrative appeals, the Court explained that it likely lacked subject-matter jurisdiction due to the *Rooker-Feldman* abstention doctrine.[18] The Court granted Plaintiff thirty days to provide additional briefing to demonstrate jurisdiction.[19] Further, the Court cautioned that if Plaintiff did not submit additional briefing in 30 days, this action would be dismissed without further notice.

---

[13] Docket 4-5 at 48.
[14] Docket 4-2 at 21.
[15] The Court declines to consider Plaintiff's Notice at Docket 7 pursuant to Federal Rule of Civil Procedure 15.
[16] Docket 9.
[17] Docket 9 at 4.
[18] Docket 9 at 4–7.
[19] Docket 9 at 7.

*Roberson v. Gist, et al.* Case No. 3:22-cv-00034-JMK
Order of Dismissal Page 4
Case 3:22-cv-00034-JMK   Document 13   Filed 02/02/23   Page 4 of 12

On August 26, 2022, Plaintiff filed an "Application for Default per Federal Civil Rule 55 ("Application")."[20] Plaintiff alleges that "service was clearly shown" and that the Court "has jurisdiction over this default as Rule 12 could have been raised by objection to the notice and Federal Rule 60(b)(4) doesn't apply to default."[21] Plaintiff includes "an example of one of the improper support order[s]." Plaintiff elaborates with the following:

> The federal clerical entry should state something along the lines that the debt isn't legal, and the judgment for money isn't enforceable, and enforcement must be stopped immediately. I'd appreciate any help with credit on this order, as mine is destroyed.
>
> I don't care how anything is done as long as I get my relief, and [I]'m keeping my mouth shut, as loyal to my offered stip. The next step is a government tort firm, to include a children's class action, for neglect and deprivation of rights. Let[']s not go there. I just want to be left alone, and would like my quality of life back.[22]

Included with the Application is a Notice of Part Due Child Support from the State of Alaska Department of Revenue Child Support Services Division.[23] Plaintiff did not address how his claims were not barred by *Rooker-Feldman*.[24]

On September 23, 2022, Plaintiff filed an "Affidavit for Disqualification under 28 USCA 455, 28 USCA 144, and Affidavit for Defense Motion Under Federal Civil

---

[20] Docket 10.
[21] Docket 10 at 1. The Court notes that summonses have never issued in this case, nor proof of service been submitted per Rule 4 of Federal Civil Procedure. Additionally, an Answer by any former or current Defendant has not been filed. *See generally* Docket.
[22] Docket 10 at 3.
[23] Docket 10-1.
[24] *See* Docket 10.

*Roberson v. Gist, et al.* Case No. 3:22-cv-00034-JMK
Order of Dismissal Page 5
Case 3:22-cv-00034-JMK   Document 13   Filed 02/02/23   Page 5 of 12

Rule 12(B)(1), (2), (5), Motion to Dismiss for Lack of Jurisdiction ("Motion")."[25]

Plaintiff's Motion begins as follows:

> COMES NOW, PRO SE HEREIN, to address matters of want of jurisdiction over lower cases, (and entrapment of this jurisdiction to moot prior defenses in lower court) this court case, non-judicial/extrajudicial acts outside duty scope of a normal performing judge, and non-service with ulterior purpose, to time bar me with 30 days, and hinder me from the 9th Circuit due to time bar from appeal and recusal, and to waive/avoid objections, and relaxation, not meeting minimum contacts with the forum, fair play and substantial justice, thus offending due process.[26]

Plaintiff's forty-two-page motion articulates a variety of novel arguments on such topics as personal jurisdiction, disqualification or recusal of a judge, the appeals process, due process, judicial notice, fraud, and Rule 4 service requirements.[27] The gravamen of Plaintiff's Motion is that he disagrees with the Court's prior Order to Show Cause. Plaintiff asserts that: "I don't [accept] hindering my case, its contents, especially from a jury, upper courts, and this court. I don't consent to any type of rejection from this court. This case is not an appeal and no final order is needed."[28] Though it seems that Plaintiff begins the Motion asserting that the proceedings in Alaska state courts lack jurisdiction, he later claims "the pleadings of Kindred are wanting jurisdiction,"[29] and "this judge has no Jurisdiction/judicial power to hear and determine my rights."[30] Plaintiff further states

---

[25] Docket 11.
[26] Docket 11 at 1–2.
[27] See Docket 11.
[28] Docket 11 at 2–3.
[29] Docket 11 at 8.
[30] Docket 11 at 27.

"[t]his judge and court is in want of jurisdiction status";[31] "[t]his court has no jurisdiction and there can be no valid order until such jurisdictional merits are reached";[32] and [t]his court/tribunal doesn't have 'jurisdiction' to consider the judgments or action as 'judicial action.'"[33] Plaintiff closes his Motion that "distorting jurisdiction here is not a mistake by reciting *Rooker-Feldman* by Kindred, [i]ts intentional and there isn't even the ability or authority to apply it, because law [itself] cannot be declared."[34]

The Court continues to take judicial notice[35] of Plaintiff's underlying state court actions:

    1.    Case No. 3AN-10-7826CI, a child custody case in the Anchorage Superior Court,[36] in which the Superior Court granted sole legal and primary physical custody of Plaintiff's children to their mother. Two appeals, S15361[37] and S14672,[38] and one petition for review, S15391,[39] were filed in the Alaska Supreme Court.

---

[31] Docket 11 at 31.
[32] Docket 11 at 33.
[33] Docket 11 at 34.
[34] Docket 11 at 41 (italics added).
[35] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact. . . ." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service,* 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.
[36] *Jack T. Roberson, III v. Rhonda L. Morrison*, Case No. 3AN-10-7826CI (Alaska Sup. Ct. filed May 28, 2010).
[37] *Jack T. Roberson, III v. Rhonda L. Morrison*, No. S-15361, 2014 WL 6091943 (Alaska Oct. 12, 2013).
[38] *Jack T. Roberson, III v. Rhonda L. Morrison*, No. S-14672, 2014 WL 1516203 (Alaska March 21, 2012).
[39] *Jack T. Roberson, III v. Rhonda L. Morrison*, No. S-15391 (Alaska Nov. 23, 2013).

2. Case No. 3AN-21-07694CI, an appeal of an administrative order entered by Child Support Services Division (CSSD) dated August 16, 2021, filed in the Anchorage Superior Court and dismissed on May 18, 2022.[40]

## II. Legal Standard

The United States Supreme Court has established that "the federal courts are under an independent obligation to examine their own jurisdiction[.]"[41] In a federal court proceeding, a jurisdictional defect may be raised at any time.[42]

Jurisdiction is "[a] court's power to decide a case or issue a decree."[43] A court's subject matter jurisdiction is its "statutory or constitutional power to adjudicate a case."[44] As a federal court, this Court has limited subject matter jurisdiction. It possesses "only that power authorized by the Constitution and statute."[45]

A federal district court has no appellate jurisdiction of state courts.[46] Only the United States Supreme Court has the authority to review a state court's judgment.[47] The *Rooker-Feldman* doctrine prohibits "district courts to exercise appellate jurisdiction over state-court judgments."[48] As the United States Supreme Court explains, *Rooker-*

---

[40] *Jack T. Roberson, III v. Rhonda L. Morrison*, 3AN-21-07694CI (Alaska Sup. Ct. filed Sept. 17, 2021).
[41] *United States v. Hays*, 515 U.S. 737, 742 (1995).
[42] *Washington Environmental Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013).
[43] BLACK'S LAW DICTIONARY (9th ed. 2009) (definition of "jurisdiction").
[44] *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 89 (1998).
[45] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also, e.g., A-Z Intern. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).
[46] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) (establishing the *Rooker-Feldman* doctrine that federal district courts lack subject-matter jurisdiction to hear an appeal from a state court).
[47] 28 U.S.C. § 1257.
[48] *Verizon Md. Inc., v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002).

*Roberson v. Gist, et al.*　　　　　　　　　　　　　　　　　　　　Case No. 3:22-cv-00034-JMK
Order of Dismissal　　　　　　　　　　　　　　　　　　　　　　　　　Page 8
Case 3:22-cv-00034-JMK　　Document 13　　Filed 02/02/23　　Page 8 of 12

*Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting [federal] district court review and rejection of those judgments."[49] The Ninth Circuit Court of Appeals explains that "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker–Feldman* bars subject matter jurisdiction in federal district court."[50]

The *Rooker-Feldman* doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment."[51] A de facto appeal has occurred "when the federal plaintiff both asserts as her injury legal error or errors by the state court and seeks as her remedy relief from the state court judgment."[52] If the plaintiff has brought a de facto appeal, then *Rooker-Feldman* dictates that the district court cannot review any issues presented in the suit that are "inextricably intertwined" with the de facto appeal.[53]

A specific exception to the *Rooker-Feldman* doctrine does exist when a plaintiff raises claims of extrinsic fraud by an adverse party in a state court proceeding.[54] "Extrinsic fraud is conduct which prevents a party from presenting his claim in court."[55]

---

[49] *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).
[50] *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003).
[51] *Kougasian v. TMSL, Inc.* 359 F.3d, 1136, 1139 (9th Cir. 2004).
[52] *Id.* at 1140 (finding that allegations of extrinsic fraud committed by adverse party *on* the state court was not a de facto appeal because it was not an error *by* the state court); *see also Ismail v. Cnty. of Orange*, 693 Fed. App'x 507, 510 (9th Cir. 2017) (finding that allegations of extrinsic fraud that the state court had already addressed were barred by *Rooker-Feldman*).
[53] *Kougasian*, 359 F.3d at 1142 (citing *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983)).
[54] *Kougasian*, 359 F.3d at 1141.
[55] *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981).

*Roberson v. Gist, et al.*  Case No. 3:22-cv-00034-JMK
Order of Dismissal  Page 9
Case 3:22-cv-00034-JMK  Document 13  Filed 02/02/23  Page 9 of 12

In order to meet this exception, a plaintiff must successfully allege how the adverse party committed "an allegedly illegal act or omission" that prevented him from presenting his claim.[56] This exception only applies to alleged actions by an adverse party, not to actions, decisions, or errors by a state court.[57]

### III. Discussion

As a preliminary matter, Plaintiff's "Application for Default per Federal Civil Rule 55" failed to address the jurisdictional issue as directed in the Court's Order to Show Cause. Plaintiff's Application does not comply with the Court's Order. Pursuant to Local Civil Rule 41.1, a plaintiff's failure to comply with a court order may result in dismissal. Plaintiff's failure to heed the Court's warning and failure to comply with its instructions warrants dismissal of this action. Accordingly, this action is to be dismissed as a matter of procedure.

However, in the interest of Plaintiff's self-represented standing, the Court will briefly address the jurisdictional issue that controls this case. Although the *Rooker-Feldman* doctrine generally is a narrow exception to this Court's jurisdiction, here, it undoubtedly bars Plaintiff's claims. In simple summary, Plaintiff does not want to pay court-mandated child support. As articulated in the Court's Order to Show Cause, Plaintiff's allegations against the Defendants challenge the legal rulings and procedural functions in his state child custody case and related appeals. In long-standing precedent, the United States Supreme Court made clear that the "whole subject of the domestic

---

[56] *Noel,* 341 F.3d at 1164.
[57] *Id.*; *Kougasian*, 359 F.3d at 1141.

*Roberson v. Gist, et al.*  Case No. 3:22-cv-00034-JMK
Order of Dismissal  Page 10
Case 3:22-cv-00034-JMK   Document 13   Filed 02/02/23   Page 10 of 12

relations of husband and wife, parent and child, belongs to the laws of the states, and not to the law of the United States."[58] While Plaintiff may disagree with the state court processes or decisions of his child support decisions, these decisions nevertheless are the sole provenance of the Alaska state courts. Furthermore, Plaintiff's allegations of fraud fail to overcome the extrinsic fraud exception to the *Rooker-Feldman* doctrine. Plaintiff's asserts alleged actions, decisions, and error by state court judges, not by an adverse party.[59]

The most compelling reasoning for this Court to abstain pursuant to *Rooker-Feldman* stems from Plaintiff's requested relief. Plaintiff requests various injunctive relief against Alaska Child Support Services and the Superior Court of Alaska, including preventing the state Superior Court from enforcing monetary judgments against him, that "opposing parties are to refrain for non-judicial acts"; and for "the CSSD and Superior Court cases dismissed, for want of merit, want of due Process of law, and want of jurisdiction."[60] Plaintiff also requests reimbursement of various court and filing fees in the amount of $1,000 and "an order for the opposing agencies to serve me all paperwork in accordance with court rules."[61] Repeatedly, Plaintiff requests this Court dismiss or vacate state court decisions, thereby ending his child support obligations.[62]

Plaintiff's First Amended Complaint shows that he presented his case in state court and he now turns to federal court with a desire for a different outcome. Though

---

[58] *In re Burrus*, 136 U.S. 586, 593–94 (1890).
[59] *See generally* Dockets 4-1, 4-2, 4-3. 4-4, & 4-5; *see also* Rule 9 of Federal Civil Procedure requiring allegations of fraud to be plead with particularity.
[60] *See* Docket 4–2.
[61] Docket 4–2.
[62] *Supra* notes 5, 8, & 16.

*Roberson v. Gist, et al.*     Case No. 3:22-cv-00034-JMK
Order of Dismissal     Page 11
Case 3:22-cv-00034-JMK   Document 13   Filed 02/02/23   Page 11 of 12

Plaintiff declares that this action "is not an appeal and may not be distorted into such"[63] and that he doesn't "consent to any type of rejection from this court,"[64] the Court is bound by the law that controls the limited subject-matter jurisdiction of federal district courts. Plaintiff's claims are inextricably intwined with the applicable state court judgments at issue. This action is a de facto appeal. Accordingly, this Court must abstain from jurisdiction.

**IT IS THEREFORE ORDERED**:

1. This action is **DISMISSED** for failure to comply with a court order and for lack of jurisdiction.

2. All pending motions are **DENIED AS MOOT**.

3. The Clerk of Court shall enter a final judgement.

4. Per Federal Rules of Appellate Procedure 3 and 4, Plaintiff has 30 days to file a Notice of Appeal with the U.S. District Court of Alaska, should he wish to seek review of this action by the Ninth Circuit Court of Appeals.

Dated this 2nd day of February, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

---

[63] Docket 4-2 at 2
[64] Docket 11 at 2.